OPINION
{¶ 1} Defendant-appellant Demetra Hart appeals from her conviction and sentence for three counts of Aggravated Robbery with firearm specifications, following a guilty plea, and two counts of Felonious Assault with firearm specifications, following a no-contest plea, resulting in a fifteen-year sentence of imprisonment. Hart contends that the trial court erred in its imposition of consecutive sentences pursuant to R.C.2929.14(E)(4), because it failed to state its reasons for imposing consecutive sentences, as required by R.C.2929.19(B)(2)(c). We agree.
 {¶ 2} Hart also contends that the trial court erred in imposing more than a minimum sentence, because it failed to make the requisite findings pursuant to R.C. 2929.14(B). We conclude that our resolution of the first issue renders this issue moot.
 {¶ 3} Accordingly, the sentence is Reversed, and this cause is remanded for resentencing.
 I {¶ 4} In February, 2003, Demetra Hart was charged by indictment with three counts of Aggravated Robbery with a deadly weapon, in violation of R.C. 2911.01(A)(1), three counts of Felonious Assault causing serious physical harm, in violation of R.C. 2903.11(A)(1), and three counts of Felonious Assault with a deadly weapon, in violation of R.C. 2903.11(A)(2), all with attached firearm specifications. It was alleged that Hart and co-defendant, Ronnie Carson, Jr., opened fire upon three victims and then stole their money.
 {¶ 5} In October, 2003, Hart entered a guilty plea to two counts of Aggravated Robbery (deadly weapon) with attached firearm specifications and entered a no contest plea to three counts of Felonious Assault (causing serious physical harm) with attached firearm specifications. At Hart's sentencing hearing, the trial court stated, in pertinent part, the following:
 {¶ 6} "The Court does make a finding that the harm visited upon the complainants in each of the counts of felonious assault was so severe that consecutive sentencing is required with respect to those charges. This, because the Court finds that the sentences consecutively with each of these three individual victims are necessary to adequately punish the offender. The consecutive sentences are not disportionate [sic] to the seriousness of the offender's conduct, and the harm caused was so great that no single prison term can adequately reflect the seriousness of that conduct."
 {¶ 7} The trial court then sentenced Hart as follows:
 {¶ 8} "[I]t is the JUDGMENT and SENTENCE of the Court that the defendant herein be delivered to the OHIO REFORMATORY FOR WOMEN there to be imprisoned and confined for a term of SEVEN (7) years on counts 1 and 3 [Aggravated Robbery] to be served CONCURRENTLY with each other; a term of FOUR (4) years on counts 7, 9 and 11 [Felonious Assault] to be served CONSECUTIVELY to each other and CONCURRENTLY with the sentence imposed on Counts 1 and 3; the Court hereby merges all five (5) 3 year firearm specifications into one (1) 3 year firearm specification and imposes an additional term of THREE (3) years ACTUAL INCARCERATION on the Firearm Specification, which shall be served CONSECUTIVELY to and prior to the definite term of imprisonment; FOR A TOTAL SUM OF FIFTEEN (15) YEARS[.]"
 {¶ 9} From her conviction and sentence, Hart appeals.
 II {¶ 10} Hart's second assignment of error states as follows:
 {¶ 11} "The trial court erred as a matter of law in imposing consecutive sentences without making required findings or stating reasons on the record for such a sentence[.]"
 {¶ 12} Hart contends that the trial court erred in its imposition of consecutive sentences pursuant to R.C.2929.14(E)(4), because it failed to state its reasons for selecting the consecutive sentences imposed, as required by R.C.2929.19(B)(2)(c).
 {¶ 13} R.C. 2929.14(E)(4) provides that "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} R.C. 2929.19(B)(2)(c) provides that "[t]he court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed * * * [i]f it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences * * *."
 {¶ 18} The Supreme Court of Ohio has held that "pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v. Comer (2003),99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 20. The Ohio Supreme Court went on to state that "[w]hile consecutive sentences are permissible under the law, a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision." Id. at ¶ 21.
 {¶ 19} In addressing the need for the trial court to state its reasons that support its findings justifying consecutive sentences, we have stated as follows:
 {¶ 20} "`The findings and reasons requirement has a dual purpose. One purpose is to induce a more systematic gradation of penalties within an available range that are imposed by relating the sentence to the particular conduct and offender involved. The other is to facilitate the limited appellate review of certain sentences * * *. Both are addressed to achieving a more uniform and consistent pattern of sentencing across the State of Ohio by reducing the prospect of unduly harsh and lengthy prison sentences. Achieving that goal benefits not only the defendant who is incarcerated but also the taxpayers of the state who must bear the financial burden of a prolonged incarceration.'
 {¶ 21} "To achieve the foregoing goals with respect to consecutive sentences which are ordered, R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together, impose a process of substantiation. The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merelypronounce causes that objectively may be its reasons. The courtmust also identify which of those causes are the particularreasons for each of the statutory findings the court made."State v. Rothgeb, Champaign App. No. 08CA7, 2003-Ohio-465, at ¶ 24-25, citation omitted (Emphasis in original).
 {¶ 22} We also explained that "[t]he preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated `laundry list' of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding that its reason or reasons in fact were if the General Assembly's policy purposes that we discussed inShepherd [State v. Shepherd, Montgomery App. No. 19284, 2002-Ohio-6790] are to be met." Id. at ¶ 27.
 {¶ 23} At Hart's sentencing hearing, the trial court stated as follows:
 {¶ 24} "The Court does make a finding that the harm visited upon the complainants in each of the counts of felonious assault was so severe that consecutive sentencing is required with respect to those charges. This, because the Court finds that the sentences consecutively with each of these three individual victims are necessary to adequately punish the offender. The consecutive sentences are not disportionate [sic] to the seriousness of the offender's conduct, and the harm caused was so great that no single prison term can adequately reflect the seriousness of that conduct."
 {¶ 25} We conclude that the trial court erred in its imposition of consecutive sentences pursuant to R.C.2929.14(E)(4), because, although it made the findings necessary under the statute, it failed to state its reasons for selecting the consecutive sentences imposed as required by R.C.2929.19(B)(2)(c). That failure constitutes reversible error. SeeRothgeb, at ¶ 8. Therefore, we must reverse the judgment of the trial court and remand this matter for re-sentencing. On remand, the trial court should state the particular reasons supporting each of its findings.
 {¶ 26} Hart's second assignment of error is sustained.
 III {¶ 27} Hart's first assignment of error is as follows:
 {¶ 28} "The trial court erred as a matter of law by imposing greater than a non-minimum sentence on a first offender and in failing to make required findings for a non-minimum sentence[.]"
 {¶ 29} Hart contends that the trial court erred in imposing more than a minimum sentence, because it failed to make the requisite findings pursuant to R.C. 2929.14(B).
R.C. 2929.14(B) provides that "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 30} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 31} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 32} Based on our disposition of Hart's second assignment of error and our remand to the trial court for re-sentencing, this issue is rendered moot. If, upon resentencing, Hart receives more than a minimum sentence, the trial court will be required to make the appropriate findings in accordance with R.C. 2929.14(B).
 {¶ 33} Hart's first assignment of error is overruled.
 IV {¶ 34} Hart's first assignment of error having been overruled, as moot, and her second assignment of error having been sustained, the sentence of the trial court is Reversed, and this cause is remanded for further proceedings consistent with this opinion.
Brogan and Grady, JJ., concur.